UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ARGENT HEALTHCARE FINANCIAL SERVICES, INC., n/k/a FIRSTSOURCE HEALTHCARE ADVANTAGE, INC., | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| DOUGLAS CRAWLEY and PATRICIA CRAWLEY, | ) ) ) |
| Defendants, | ) ) |
| DOUGLAS CRAWLEY and PATRICIA CRAWLEY, | ) ) ) ) |
| Third-Party Plaintiffs, | ) ) |
| v. | ) ) |
| THE CATHOLIC DIOCESE OF GARY, ST. JOSEPH CATHOLIC SCHOOL, DYER, INDIANA and ANTHEM INSURANCE COMPANIES, INC., | ) ) ) ) ) |
| Third-Party Defendants, | ) ) |
| THE CATHOLIC DIOCESE OF GARY and ST. JOSEPH CATHOLIC SCHOOL | ) ) ) |
| Third-Party Plaintiffs, | ) ) |
| v. | ) ) |
| COMMUNITY HEALTHCARE SYSTEM GROUP HEALTH PLAN FOR EMPLOYEES OF ST. CATHERINE HOSPITAL AND ST. MARY MEDICAL CENTER and PRAIRIE STATES | ) ) ) ) ) ) |

2:10-CV-499-PPS-APR

| ENTERPRISES, INC., | ) |
| | ) |
| Third-Party Defendants. | ) |

## **OPINION AND ORDER**

Before the Court is a motion to remand this case for lack of subject matter jurisdiction under 28 U.S.C. § 1331, filed by third-party plaintiffs the Catholic Diocese of Gary (the "Diocese") and St. Joseph Catholic School (the "School") [DE 24]. Those parties have also moved for an award of attorneys' fees and costs, pursuant to 28 U.S.C. § 1447(c), on the ground of improper removal [DE 26]. For the reasons discussed below, the motion to remand is **GRANTED**, but the motion for fees and costs is **DENIED**

## **BACKGROUND**

Plaintiff Argent Healthcare filed this action in Lake Superior Court in Crown Point, Indiana, on March 11, 2009, alleging that defendants Douglas and Patricia Crawley owed Argent for unpaid medical bills [DE 1]. Argent's complaint did not invoke the federal Constitution or any federal statute; nor did it contain any allegations establishing diversity jurisdiction [*Id.*].

The Crawleys answered and filed a third-party complaint against the Diocese, the School and third-party defendant Anthem Insurance Company, seeking indemnity from those parties for the unpaid medical bills that are the subject of Argent's original complaint [DE 2]. Specifically, the Crawleys allege that Mr. Crawley, an employee of the School and the Diocese, was entitled to health insurance coverage from Anthem, the healthcare plan administrator for the Diocese, and that the Diocese and the School failed to timely inform him of his eligibility [*Id.*]. The Crawleys further allege that, because of the failure of the School and the Diocese to disclose, Mr. Crawley lost coverage under his wife's, Patricia Crawley's, insurance plan [*Id.*]. In Count V of

2

their third-party complaint, the Crawleys assert that the Diocese, the School and Anthem violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. [*Id*.].

On September 2, 2010, the Diocese and the School answered the Crawleys' third-party complaint [DE 3]. They also filed a third-party complaint against third-party defendants Community Healthcare System Group Health Plan for Employees of St. Catherine Hospital and St. Mary Medical Center ("Community") and Prairie States Enterprises, alleging that those entities provided health insurance to Patricia Crawley and were therefore responsible for Mr. Crawley's unpaid medical bills [DE 4].

On December 22, 2010, Community removed, pursuant to 28 U.S.C. § 1441(b) [DE 5]. In its removal notice, Community contends that this Court has original jurisdiction, pursuant to 28 U.S.C. § 1331, based on the ERISA claim in the Crawleys' third-party complaint [*Id*.].

On May 10, 2011, more than four months later, the Diocese and the School filed the pending motion to remand [DE 24]. These parties argue that removal was improper, notwithstanding the Crawleys' ERISA claim, because no federal question arose in Argent's original complaint [DE 25]. Accordingly, they seek to remand the case based on a lack of subject matter jurisdiction [DE 24]; they also seek fees and costs for improper removal, pursuant to 28 U.S.C. § 1447(c) [DE 26].

In its response, Community maintains that the case was properly removed under Section 1441(c) because the removable ERISA claim is "separate and independent" from the non-

removable state law claims in Argent's original complaint against the Crawleys [DE 27].[1]
Community also argues that the motion to remand is untimely [*Id*.].

## DISCUSSION

The party seeking removal bears the burden of establishing federal jurisdiction. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004). The Court must interpret the removal statute narrowly, and any doubts regarding jurisdiction are resolved in favor of remand. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). If the Court finds removal proper under Section 1441(c), it may either determine all the issues in the removed case, or, in its discretion, remand all matters in which state law predominates. 28 U.S.C. § 1441(c).

A defendant may remove a case to federal court under Section 1441(c) whenever a "separate and independent" claim conferring federal question jurisdiction under 28 U.S.C. § 1331 is joined with an otherwise non-removable claim:

> Whenever a *separate and independent* claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c) (emphasis added). A federal claim is not "separate and independent" if it "arises from the same loss or actionable wrong" as the nonremovable claim. *Lewis v. Louisville & Nashville R.R. Co.*, 758 F.2d 219, 221 (7th Cir. 1985).

---

[1] Community's notice of removal states that removal proper is pursuant to 28 U.S.C. § 1441(b) [DE 5]. But Community's response brief shows that it believes removal is instead warranted under Section 1441(c). The moving parties do not take issue with this discrepancy, and argue, on reply, that removal is improper under Section 1441(c). I will, likewise, address the removal issue here in terms of Section 1441(c).

## I. Removal by Third-Party Defendant Under Section 1441(c)

Generally, a third-party defendant cannot remove a case pursuant to 28 U.S.C. § 1441(c). In *Thomas v. Shelton*, 740 F.2d 478 (7th Cir. 1984), the Seventh Circuit observed that "in the broad run of third-party cases . . . the third-party defendant cannot remove the case under Section 1441(c)." *Id.*, at 487; *accord Palisades Collections LLC v. Shorts,* 552 F.3d 327, 332-35 (4th Cir. 2008); *First Nat. Bank of Pulaski v. Curry*, 301 F.3d 456, 463 (6th Cir. 2002); *Lewis v. Windsor Door Co., a Div. of Ceco Corp.*, 926 F.2d 729, 733 (8th Cir. 1991) ("We do not . . . believe § 1441(c) was intended to effect removal of a suit, not otherwise within federal jurisdiction, because of the introduction of a third-party claim. Removal on such basis is too much akin to the tail wagging the dog."); 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Fed. Prac. & Proc. Juris. § 3722.3 (4th ed.) ("Analysis of the decisions that have permitted removal on the basis of third-party claims, . . . makes clear that Section 1441(c) generally should not be interpreted to authorize removal in these contexts.").

*Thomas* declined to adopt "a universal and absolute rule" that a third-party defendant cannot remove under Section 1441(c)," acknowledging the possibility that exceptions might exist, particularly in cases involving the United States as a third-party defendant. *Thomas*, at 487.

Community, however, provides no reason to conclude that this case presents one of the exceptions that *Thomas* envisioned. Indeed, *Thomas* specifically observed that third-party claims for indemnity, like the ERISA claim that grounds Community's removal notice, are usually dependent on the claim in the original action:

> A third-party complaint is usually conditional on the success of the main claim. The most common third-party claim is a claim for indemnity, that is, a claim that should the defendant

5

> (third-party plaintiff) be held liable to the plaintiff, the third-party defendant must reimburse the defendant for the cost of satisfying the plaintiff's judgment.

*Id.*, at 486. According to this reasoning, the Crawleys' indemnity claim under ERISA will not satisfy Section 1441(c)'s "separate and independent" requirement.

Moreover, following *Thomas*, district courts in the Seventh Circuit have remanded cases removed by third-party defendants pursuant to § 1441(c), where, as here, the third-party claim supporting removal is for indemnity. For example, in *Univ. of Chicago Hosp. & Med. Ctr. v. Rivers*, 701 F. Supp. 647 (N.D. Ill. 1988), the plaintiff had provided medical services to the defendant employee's husband. *Id.*, at 648. Plaintiff sued the employee's widow, Rivers, for the unpaid medical bills. *Id.* Rivers then filed a third-party complaint against her employer, her insurer, and her benefit plan, contending they were obligated to pay for her husband's medical treatment under ERISA. *Id*. The third-party defendants removed the case, under Section 1441(c), based on the ERISA claims in the third-party complaint. *Id.* The court, applying *Thomas*, found that the ERISA claim was not "separate and independent" of the original claim, as required by Section 1441(c), reasoning that whether the third-party defendants were liable depended on Rivers' liability on the primary claim. *Id.* at 649; *see also Phillips v. Kladis*, No. 97 C 2346, 1997 WL 428506, at *3 (N.D. Ill. Jul. 25, 1997) (applying *Thomas* and finding that third-party action for indemnity was not removable by third-party defendant insurer because its liability was based on the outcome of the original suit); *Assocs. in Psychcare v. Ament*, No. 95 C 3732, 1995 WL 410982, at *1 (N.D. Ill. July 11, 1995) (same).

Applying the reasoning in *Thomas*, I likewise find that removal under Section 1441(c) was inappropriate in this case. The Crawleys' ERISA claim against the Diocese and the School

6

is dependent on Argent's primary claim because the liability of the Diocese and the School is based on the outcome of Argent's suit against the Crawleys. Accordingly, the Crawleys' ERISA claim is not separate and independent as required for removal under Section 1441(c), and the case must therefore be remanded.

Community objects that the motion to remand is untimely, based on Section 1447(c)'s 30-day time limit for motions to remand based on a procedural defect. This deadline, however, does not apply where remand is based on a determination that the court lacks subject matter jurisdiction. *See Baker v. Kingsley*, 387 F.3d 649, 654 (7th Cir. 2004) ( district court may remand a case for lack of subject matter jurisdiction at any time, but it can only remand for procedural defects if plaintiff raises the defect in a motion to remand filed within 30 days of removal).

The Court lacks subject matter jurisdiction here. Following the general rule in *Thomas*, Community did not have statutory authority to remove this action under Section 1441(c). *Thomas*, at 487; *see also First Nat. Bank of Pulaski*, 301 F.3d at 463; *Lewis*, 926 F.2d at 733. And, as the Eighth Circuit found in an analogous Section 1441(c) removal case, "[i]f [Community] did not have the power to remove, then the district court *could not have gained subject-matter jurisdiction over the case*." *Lewis*, 926 F.2d at 732 (emphasis added); *see also Adkins*, 326 F.3d at 835-836 (""[W]e must consider whether the existence of a third-party complaint affects the court's subject matter jurisdiction over the original action. We conclude that it does not.").

Because remand here is based on the determination that this Court lacks subject matter jurisdiction, Section 1447(c)'s 30-day time limit is inapplicable. Accordingly, Community's

7

timeliness objection fails.

## II.     Fees and Costs Under Section 1447(c)

Although I find that removal was improper, I decline to award the moving parties attorneys' fees and costs under 28 U.S.C. § 1447(c). In *Martin v. Franklin Capital Corp*., 546 U.S. 132 (2005), the Supreme Court articulated "the proper standard for awarding attorney's fees when remanding a case to state court." *Id.*, at 134. Specifically, *Martin* held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141. *Martin* added that "[i]n applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.*

As the Seventh Circuit has observed, "[i]n *Martin*, the Supreme Court did not have occasion to define 'objectively reasonable' because the parties agreed that the defendant's basis for removal was reasonable." *Lott v. Pfizer, Inc*., 492 F.3d 789, 792 (7th Cir. 2007). However, the Seventh Circuit also has observed that, "[a]s a general rule, if at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award a plaintiff his attorneys' fees. By contrast, if clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees." *Id.*

I find that, while the moving parties' request for fees and costs presents a close call, no clearly established law foreclosed Community's basis for removal. As I noted, *Thomas* declined to adopt "a universal and absolute rule" that third-party defendants cannot remove under Section 1441(c). *Id.*, at 487.

8

And the moving parties have not cited any other Seventh Circuit authority that would foreclose Community's basis for removal. In their opening brief, these parties rely on *Adkins* for the proposition that a third-party defendant may not remove based on a third-party claim. But the issue the Seventh Circuit confronted in *Adkins* is distinguishable from the issue presented here, and thus does not provide clearly established authority that forecloses Community's basis for removal here.

Specifically, the complaint in *Adkins* was originally filed in state court, asserting state law claims against a set of defendants. *Adkins*, 326 F.3d at 830. One of those defendants, GE, removed under Sections 1441(a) and (b), on the ground that a federal statute preempted the state law claims against it. *Id.* Another defendant later filed a third-party complaint against Amtrak, a federal instrumentality. *Id.* The district court subsequently dismissed GE, and, finding that none of the other defendants had argued that federal jurisdiction existed, remanded the case to state court. *Id.* On an appeal of the remand order, the Seventh Circuit addressed the question of whether "jurisdiction over the case as a whole was somehow created when [the third-party defendant] filed its third-party complaint against *Amtrak*." *Id.*, at 835. *Adkins* found that jurisdiction was not thereby created. *Id.*, at 836. But it had no occasion to undertake the Section 1441(c) analysis on which removal here is based.

Moreover, although I have referenced district court cases that apply *Thomas* in finding that, on facts similar to those presented here, removal is improper, those cases do not render the law clearly established. *See Lott*, 492 F.3d at 793; *Anderson v. Romero*, 72 F.3d 518, 525 (7th Cir.1995) (district court cases are "evidence of the state of the law. . . . But by themselves they cannot clearly establish the law").

9

Accordingly, because clearly established law did not foreclose Community's basis for removal, I decline to award fees and costs under Section 1447(c).

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion to remand for lack of subject matter jurisdiction [DE 24]. Accordingly, the Court **ORDERS** that this case is **REMANDED** to the Lake Superior Court in Crown Point, Indiana on the ground that this Court lacks jurisdiction to hear it. Moreover, the Court **DENIES** the motion for attorneys' fees and costs [DE 26].

**SO ORDERED.**

ENTERED: June 30, 2011

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT